UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELYY JEANETTE PRINCE,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:16-cv-05483-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds defendant's decision to deny benefits should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On June 3, 2010, plaintiff filed an application for SSI benefits, alleging she became disabled beginning the same date. Dkt. 11, Administrative Record (AR) 367. That application was denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an Administrative Law Judge (ALJ), at which plaintiff appeared and testified. AR 36-59.

In a written decision dated January 27, 2012, the ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 12-31. After the Appeals Council denied plaintiff's request for review of the ALJ's

ORDER - 1

decision, plaintiff appealed to this Court, which on May 6, 2014, reversed that decision and remanded this matter for further administrative proceedings. AR 422-37.

On remand, a second hearing was held before the same ALJ, at which plaintiff appeared and testified, as did a vocational expert. AR 381-95. In a written decision dated April 21, 2015, the ALJ found that plaintiff could perform her past relevant work, and therefore that she was not disabled. AR 367-75. It appears that the Appeals Council did not assume jurisdiction of the matter, making the ALJ's decision the Commissioner's final decision, which plaintiff appealed in a complaint filed with this Court on June 15, 2016. Dkt. 1-3; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision, arguing the ALJ erred in rejecting the opinions of Sarah Stolz, M.D., and David Margelli, PA-C, in assessing plaintiff's residual functional capacity (RFC), and in finding she could perform her past relevant work. For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and therefore finds the decision to deny benefits should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

ORDER - 2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

ORDER - 3

"logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

The ALJ "assigned little weight" to the opinions of Dr. Stolz and Mr. Margelli, finding

ORDER - 4

specifically that:

> . . . David Margelli, PA-C who opined in June 2010 that the claimant could not participate in extra duties or activities related to her educational program due to her daytime fatigue. In November 2011, he opined that the claimant was disabled due to her sleep apnea and daytime hypersomnia. Sara Stolz, M.D. reviewed and affirmed this opinion in November 2011. In June 2013, Mr. Margelli again opined that the claimant was disabled from all work due to an inability to sustain employment as a result of her daytime hypersomnia and its unpredictable nature.
>
> . . .
>
> Their opinions are inconsistent with the claimant's longitudinal treatment history, her performance on physical and mental status examination, and her documented daily activities set forth above. Specifically, while Mr. Margelli reiterated his opinion that the claimant's unpredictable fatigue would be a barrier to work, the claimant's activities show that she has been able to maintain routines consistent with employment such as attending classes, frequent driving, managing her household, caring for her daughter, and hanging out with friends. Her ability to watch TV for five hours daily without falling asleep and use Facebook for a couple of hours a night might also belie his contention that her fatigue is an unpredictable barrier. Finally, Mr. Margelli does not describe functional limitations in his opinion and instead opines as to the claimant's employability and disability, what are issues reserved to the Commissioner. . . .

AR 373-74 (internal citations omitted); *see also* AR 183, 349-50, 533.

Plaintiff argues the ALJ did not provide valid reasons for rejecting the two medical sources' opinions. The Court disagrees. First, as the ALJ notes, plaintiff's treatment and other medical records and the objective clinical findings they contain do not support their disability opinions. While those records indicate the existence of sleep-related diagnoses and conditions, the objective clinical findings do not point to actual functional limitations stemming therefrom. *See* AR 182, 184-89, 191, 197-99, 204-05, 299-304, *519-23*, 530-32, 534-35, 537-41, 547; *Batson*, 359 F.3d at 1195 (the ALJ need not accept a medical source opinion if it is inadequately supported by clinical findings or "by the record as a whole").

The Court also finds the ALJ was not remiss on finding plaintiff's activities showed she

ORDER - 5

could maintain routines consistent with employment. Although plaintiff points to comments in the medical record that she had issues with daytime sleepiness and needing to take naps, as well as other difficulties in performing those activities, other evidence indicates a greater functional ability. For example, in October 2007, plaintiff reported "rare drowsiness when she drives." AR 197. Although she complained of daytime tiredness in January 2008, plaintiff also reported that when she was out of the house she did "just fine with no drowsiness with driving" and had "no trouble maintaining wakefulness." AR 186. In July 2008, plaintiff reported working in retail and standing "all day." AR 205.

In April 2010, plaintiff reported "not having any safety issues related to her sleepiness during the day." AR 184. In July 2010, she reported taking work training classes and volunteering "at the school for 4 hours per day." AR 199. In July 2010, she reported having "a challenging home life with children and classes." AR 182. In February 2012, plaintiff denied drowsiness with driving. AR 539. In October 2013, she again denied having any drowsiness with driving, and reported being "able to push through during the day with most of her tasks." AR 531. In June 2014, plaintiff reported she "took a drive of a few hours and did fine." AR 530. In October 2014, she once more reported no problems with falling asleep while driving. AR 519-20. Thus, while there also are some complaints of being tired and having to take naps, (AR 185-86, 188, 197, 300, 519, 530, 534, 547), other evidence as just noted contradicts them or at the very least shows plaintiff could still function at a fairly high level. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (upholding rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that other evidence of claimant's ability to function contradicted that conclusion).

Finally, medical source opinions are given no special significance to issues reserved to

ORDER - 6

the Commissioner, including the ultimate issue of disability.[1] *McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.") (citations omitted). Plaintiff argues Dr. Stolz and Mr. Margelli did not just comment on the ultimate issue of disability, but "repeatedly found unpredictable daytime hypersomnia requiring naps or limiting ability to sustain work-like activities." Dkt. 15, p. 11 (citing AR 349-50, 534-35, 538). The problem for plaintiff is that none of those comments indicated the specific functional impact such hypersomnia would have on her, or that it would clearly happen to plaintiff as opposed to individuals with her condition generally. *See id.* As such, the Court finds no error on the part of the ALJ here. And because of that lack of error, the Court also finds no error in the ALJ's RFC assessment or the ALJ's determination that plaintiff can perform her past relevant work.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

DATED this 5th day of January, 2017.

Karen L. Strombom
United States Magistrate Judge

---

[1] Plaintiff argues the ALJ should have contacted Dr. Stolz and Mr. Margelli concerning their comments in regard to this ultimate issue. However, an ALJ's duty to further develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Here, though, the record is not ambiguous or inadequate, but instead reflects that both medical sources clearly commented on an issue reserved to the Commissioner. Accordingly, the ALJ had no duty to further develop the record by contacting either of them.

ORDER - 7